IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| XIAOHUA QU, an individual<br><br>Claimant,<br><br>v.<br><br>DEUTSCHE BANK SECURITIES, INC., a Delaware Corporation; and WILLIAM SVOBODA, an individual<br><br>Respondents. | CASE No. 3:11-MC-80112 JSW (JCS)<br><br>LETTER OF REQUEST TO THE ONTARIO SUPERIOR COURT OF JUSTICE |

The United States District Court for the Northern District of California presents its compliments to the Ontario Superior Court of Justice and requests international judicial assistance to obtain oral examination, under oath, and the production of documents from the Custodian of Records of Canadian Solar, Inc. ("CSIQ").

This Court, the United States District Court for the Northern District of California, is a competent court of law which properly has jurisdiction over this proceeding for purposes of this letter of request, and has the power to compel the attendance of witnesses and the production of documents. In the proper exercise of its authority, this Court has determined that, in the interests of justice and to assure a complete record, the custodian of records of CSIQ, a corporation with its principal place of business in your jurisdiction, must be examined as a witness under oath and produce certain documents.

I.  NATURE OF PROCEEDINGS

This matter arises out of a FINRA arbitration initiated by Dr. Xiaohua Qu ("Dr. Qu") in June 2009 against Deutsche Bank Securities, Inc. and William Svoboda. Dr. Qu is a resident of China, and is the founder, Chairman of the Board of Directors, President and Chief Executive Officer of CSIQ, the subject of this Letter of Request. CSIQ is incorporated in Canada with its

principle place of business in Kitchener, Ontario. Dr. Qu alleges that DBSI failed to execute a sales order pursuant to the terms of a 10b5-1 trading plan that he established in May 2008. DBSI contends, *inter alia*, that Dr. Qu, through his wife and authorized agent, provided DBSI instructions not to sell the stock until it reached $52 a share, an event that did not occur. The arbitration hearing on the merits was scheduled to commence on May 16, 2011 in San Francisco, California, but has been adjourned temporarily specifically to allow DBSI the opportunity to seek the testimony and documents addressed in this Letter of Request.

DBSI successfully moved the FINRA arbitration panel to issue a subpoena for the production of documents and information from CSIQ. The requested subpoena to CSIQ sought, among other things, communications concerning Dr. Qu's 10b5-1 plan, documents pertaining to the revenue and earnings forecasts of the company, and Dr. Qu's knowledge regarding those forecasts. Specifically, it sought production of internal communications, contracts and agreements, board meeting minutes, and memoranda relating to Dr. Qu and/or the performance of CSIQ. DBSI sought these documents to show what Dr. Qu knew about the company's performance and prospects, which it contends was relevant to the dispute about his instructions to DBSI, his decision to establish and then modify trading instructions for the 10b5-1 plan, and whether he was in possession of material non-public information during the relevant timeframe. On April 30, 2011, the FINRA panel Chair executed and issued the subpoena to CSIQ. The subpoena required the production of documents at a hearing to be held at FINRA's offices in Los Angeles on May 9, 2011.

On May 4, 2011, DBSI caused a copy of the subpoena to be served upon the offices of the registered agent for Canadian Solar (USA), Inc. ("CSIQ (USA)" in San Ramon, California. CSIQ (USA) is wholly-owned subsidiary of CSIQ. CSIQ through counsel informed DBSI that it would not voluntarily comply with the arbitrators' subpoena.

On May 17, 2011, DBSI filed a Petition to Compel Compliance with Subpoena with this Court, pursuant to United States law authorizing United States District Courts to enforce in appropriate instances subpoenas issued by arbitrators to compel witnesses to appear at a hearing to provide testimony and documents.

On November 4, 2011, the Court held a hearing on DBSI's Petition to Compel. At the hearing, this Court determined that it could not enter the requested Order to compel CSIQ to compel with the arbitrator's subpoena. This Court concluded that DBSI had not made a sufficient showing that CSIQ and CSIQ (USA) were sufficiently indistinguishable that service on one could constitute service on the other. *Id.* This Court further concluded that enforcement of the subpoena on CSIQ would need to take place in Canada, where CSIQ is incorporated and maintains its corporate headquarters.

Based on this Court's determination that enforcement of the arbitrator's subpoena must take place in Canada, DBSI sought from the arbitration panel and obtained from the arbitrators a revised subpoena to CSIQ, a copy of which is attached hereto as Exhibit A. The subpoena seeks testimony and production of documents at a hearing in Kitchener, Canada, at a time place to be agreed upon by the parties.

## II.     CANADIAN EVIDENCE SOUGHT

CSIQ resides in and is subject to the jurisdiction of the **Ontario Superior Court of Justice**. CSIQ maintains records relating to its corporate performance and communications with Dr. Qu, its founder, President and Chief Executive Officer, who initiated the underlying FINRA arbitration. CSIQ also maintains documents relating to an investigation by the United States Securities and Exchange Commission of accounting irregularities. The FINRA arbitration panel has determined that those documents are relevant to the arbitration panel's ability to determine the issues presented in the arbitration. The FINRA arbitration panel issued a subpoena to obtain the appearance of a CSIQ representative with those documents. This Court is authorized under United States law to issue this letter of request to aid in the enforcement of the FINRA arbitration panel's subpoena.

## III.    REQUEST FOR JUDICIAL ASSISTANCE

The evidence sought cannot be obtained other than from a representative of CSIQ through oral examination and document production, and such evidence has already been determined by the FINRA arbitration panel to be relevant to the FINRA arbitration proceedings in determining the validity of the claims and defenses in this case.

Therefore, this Court requests:

(1) You cause an authorized representative of CSIQ, by your proper and usual process, to be summoned to appear before a court reporting service, on a date mutually agreed upon by CSIQ, the parties, and the FINRA arbitration panel, to produce the documents requested in the Subpoena attached hereto as Exhibit A and give testimony under oath to the court's authorized officer as to the authenticity of the documents.

(2) You order that the arbitration panel be allowed to witness the testimony by video-conference to be arranged by counsel for DBSI.

(3) You order that the oral and documentary evidence produced pursuant to your enforcement of this Letter of Request shall not be used by anyone in any manner other than this matter pending before the United States District Court for the Northern District of California, and the FINRA arbitration panel.

**IV.     RECIPROCITY**

This Court expresses its sincere willingness to provide similar assistance to the Ontario Superior Court of Justice if future circumstances should require.

**V.     CONCLUSION**

In the spirit of comity and reciprocity, this Court hereby requests international judicial assistance in the form of this Letter of Request to obtain the production of documents and oral examination, under oath, from the Custodian of Records of Canadian Solar, Inc.

Dated: _____August 31_____, 2012     By: _____
                                                   Judge Joseph C. Spero, District Court

[Seal]

*Karen L. Hom* (signature)

Karen L. Hom
Clerk of Court

Dated: August 31, 2012

**EXHIBIT A**

**CONFIDENTIAL**

## BEFORE FINRA DISPUTE RESOLUTION

| | |
|---|---|
| In the Matter of the Arbitration between<br><br>XIAOHUA QU,<br>      Claimant,<br><br>v.<br><br>DEUTSCHE BANK SECURITIES INC., WILLIAM SVOBODA, and DOES 1 through 20,<br>      Respondents. | FINRA CASE NO. 09-03871<br><br>SUBPOENA |

TO:    Canadian Solar, Inc.
          545 Speedvale Avenue
          West Geelph, Ontario N1K 1E6
          Canada

YOU ARE HEREBY DIRECTED, pursuant to Rule 12512 of the Code of Arbitration Procedure of the Financial Industry Regulatory Authority and the Federal Arbitration Act, 9 U.S.C. §§ 1, *et seq.*, to appear through representative witness and produce for inspection, copying and verifying testimony at a Hearing in this matter to be held in Kitchener, Canada, at an examination office and on a date to be agreed upon by the parties, all documents identified in this Subpoena. Failure to comply with this Subpoena will subject you to such sanctions as are legally applicable.

Dated: May 17, 2012

By: *Michelle Judy Brant*
Michelle Judy Brant, Chairperson
Arbitration Panel
FINRA Dispute Resolution
West Regional Office,
300 S. Grand Avenue, Suite 900
Los Angeles, CA 90071-3135

Dated: 5/19, 2012

By: *Richard B. Bullock*
Richard B. Bullock, Member
Arbitration Panel
FINRA Dispute Resolution
West Regional Office,

Dated: 18 May, 2012

By: _____
300 S. Grand Avenue, Suite 900
Los Angeles, CA 90071-3135

Amy Seltzer, Ph.D., Member
Arbitration Panel
FINRA Dispute Resolution
West Regional Office,
300 S. Grand Avenue, Suite 900
Los Angeles, CA 90071-3135

2

## DEFINITIONS

1. The term "Claimant Qu" as used herein shall mean Xiaohua Qu, individually, and anyone else acting or purporting to act on his behalf.

2. The term "document" as used herein means and shall encompass every writing or record of every type and description, including original and any copy thereof, and every tangible thing that is or has been in your possession, custody or control, or of which you have knowledge, including but not limited to, correspondence, electronic mail, contracts, print-outs of Internet web pages, memoranda, stenographic notes, handwritten notes, applications, forms, notebooks diaries, models, devices, sketches, pictures, photographs, films, tapes, computer records, voice recordings, minutes, bulletins, invoices, data compilations, extracts or summaries of other documents and statistical compilations, regardless of the form of storage (such as on paper, microfiche, magnetic tape, magnetic disk (hard or floppy)), CD-ROM, optical disk, or electronic storage device.

3. The term "CSIQ" as used herein shall mean **Canadian Solar, Inc.**

4. In the event that multiple copies of a document exist, produce every copy on which appear any notations or markings of any sort not appearing on any other copy.

5. The term "applicable time period" shall mean April 2007 through June 25, 2009.

## DOCUMENTS REQUESTED

1. All agreements and/or contracts between CSIQ and Claimant Qu during the applicable time period.

2. All communications concerning Claimant Qu's 10b5-1 plans.

3. Documents sufficient to demonstrate all grants of CSIQ stock and/or stock options to Claimant Qu during the applicable time period.

4. All meeting minutes or transcripts of meetings of the Board of Directors of CSIQ ("the Board") during the applicable time period, including committees and sub-committees of the Board pertaining to CSIQ's revenues, revenue projections, earnings, earning projections financial reporting, business development plans, performance reports as well as any governmental or regulatory investigations of accounting irregularities at CSIQ.

5. All internal communications regarding any governmental or regulatory investigation of accounting irregularities at CSIQ during the applicable time period.

6. All documents produced by CSIQ to the United States Securities and Exchange Commission in response to requests/subpoenas regarding any accounting irregularities at CSIQ.

7. All documents, including communications and attachments thereto, provided to or received from Claimant Qu relating to CSIQ's revenues, revenue projections, earnings, earning projections, financial reporting, business development plans, and performance reports as well as any governmental or regulatory investigations of accounting irregularities at CSIQ during the applicable time period.

8. All documents provided to and received from Claimant Qu relating to any secondary offerings of CSIQ during the applicable time period.

9. All documents related to Claimant Qu's purchases/acquisitions and sales of CSIQ shares for the time period of April 2007 through present.

10. Documents sufficient to evidence CSIQ's "trading windows" and/or "blackout dates" for corporate insiders, including Claimant Qu during the applicable time period.

11. All documents prepared by Claimant Qu, for Claimant Qu, or on Claimant Qu's behalf, related to CSIQ's earnings, performance, business development and business plans during the applicable time period.

4